J-S10032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARVIN DOZIER, | |
| Appellant | No. 1130 EDA 2015 |

Appeal from the PCRA Order March 13, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002656-2008

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED FEBRUARY 09, 2016**

Appellant, Marvin Dozier, appeals *pro se* from the order dismissing his petition seeking relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as untimely. Appellant chiefly maintains that his petition should be considered timely because his *pro se* post-sentence motion to withdraw his guilty plea should have been treated as a PCRA petition. We disagree. Accordingly, we affirm.

The PCRA court summarized the procedural and factual background of the present appeal as follows:[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We accept the PCRA court's findings and conclusions to the extent that they are supported by the certified record. However, we are constrained to
*(Footnote Continued Next Page)*

## I.  PROCEDURAL BACKGROUND

On August 27, 2008, [Appellant] Marvin Dozier pled guilty, pursuant to a negotiated plea agreement, to rape of a child (18 Pa.C.S. § 3121(c)), endangering the welfare of a child (18 Pa.C.S. § 4304(a)(1)) ("EWOC"), and corrupting the morals of a minor (18 Pa.C.S. § 6301(a)(1)) ("CMOM").  N.T. 08/27/2008 at 19-20.  After the plea was accepted, the [c]ourt imposed an aggregate sentence of one and a half to three years incarceration on the charges of EWOC and CMOM and deferred sentencing on the rape charge pending a Megan's Law hearing pursuant to 42 Pa.C.S. § 9794.5(3).  At the Megan's Law hearing on March 5, 2010, [Appellant] was found not to be a Sexually Violent Predator ("SVP").  The [c]ourt then sentenced [Appellant] to three and a half to seven years['] incarceration on the rape charge to run consecutive to the sentences previously imposed for an aggregate sentence equal to the negotiated sentence of five to ten years incarceration in state prison. [Appellant] filed a post-sentence motion to withdraw his guilty plea on March 16, 2010, and a supplemental post-sentence motion on March 23, 2010.  The [c]ourt denied both on April 7, 2010.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

note that the record before us is not a model of clarity, nor of orderliness. We have attempted to verify each key event in the procedural history from our own independent review of the record.  In some instances, although there is no support in the record, the parties do not dispute a filing or other procedures.  We accept these assertions without additional inquiry.  Some procedural steps, particularly the entries and the withdrawals of the various counsel, are noted only in the docket entries, if at all.

A significant portion of this confusion appears to have been exacerbated, if not generated, by Appellant's proclivity for filing various *pro se* motions, etc. even when represented by counsel.  It is well-settled, as explained in the text of this memorandum, that Appellant has no right to hybrid representation.  His numerous disagreements with counsel, evident in the record, do not justify any *ad hoc* deviation from this well-settled rule of law.  Nevertheless, where Appellant makes a procedural claim, and there is no explanation or refutation of his claim in the record before us, we give him the benefit of the doubt.  Conversely, where Appellant's claims are contradicted by the record, we reject them.

[Appellant] subsequently filed [a direct] appeal on April 12, 2010. On April 5, 2011, the Superior Court quashed [Appellant's] appeal as untimely.[2] [Appellant's] petition for allowance of appeal to the [Pennsylvania] Supreme Court was denied on May 15, 2012. [Appellant] then filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA") on June 14, 2012. Peter A. Levin, Esquire was appointed to represent [Appellant] on March 4, 2013.

On February 1, 2015, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), Mr. Levin filed a letter stating that the petition was untimely and that there was no arguable merit to [Appellant's] claims for collateral relief. **See Finley** Letter of Peter A. Levin, filed 2/01/2015 ("**Finley** Letter"). On February 12, 2015, the [c]ourt issued notice pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intent to dismiss Appellant's PCRA Petition without an evidentiary hearing. On March 13, 2015, the [c]ourt formally dismissed Appellant's PCRA Petition and granted Mr. Levin's motion to withdraw his appearance.

[Appellant] has now appealed the [c]ourt's dismissal of his PCRA Petition, alleging that: 1) the [c]ourt erred in dismissing the PCRA petition as untimely as [Appellant's] initial post-sentence motion filed on March 16, 2010 should have been treated as a PCRA petition; and 2) the [c]ourt lacked jurisdiction to impose sentence on March 5, 2010. Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶¶ 1 -2. . . .

II. FACTUAL BACKGROUND

The factual background of this matter is set forth in [this] [c]ourt's 1925(a) Opinion filed in [Appellant's] direct appeal.

Between January 1, 1998, and December 31, 2000, [Appellant] had a sexual relationship with E.S. who was then between eleven and thirteen years old and was living

---

[2] (**See Commonwealth v. Dozier**, No. 997 EDA 2010, unpublished memorandum at *8 (Pa. Super. filed April 5, 2011), *appeal denied*, 44 A.3d 1160 (Pa. 2012)).

with [Appellant's] sister. [Appellant] had sex with E.S. while his sister was not home and [Appellant] was the adult in charge. [Appellant] paid for E.S. to have an abortion after he impregnated her in 1998 when she was eleven or twelve years old and [Appellant] was about thirty-six years old. On February 11, 2000, [Appellant] confessed to police that he had sexual contact with E.S. while he knew she was less than thirteen years old and that he paid for her abortion after he learned that she was pregnant.

Trial Court Opinion, dated June 18, 2010.[3]

(PCRA Court Opinion, 5/12/15, at 1-3).

We supplement the PCRA court's history with several additional observations, based on our independent review of the record. First, on March 17, 2010,[4] although still represented by counsel (by now the Defender Association of Philadelphia),[5] Appellant filed a purported *pro se* motion to

_____

[3] Record citations and footnote omitted.

[4] For clarity and completeness, Appellant dated the motion "3/16/10"; the clerk of quarter sessions time-stamped the motion "Mar[ch] 17, 2010"; and the motion was docketed on March 24, 2010.

[5] Docket entries confirm that for his plea and sentencing, Appellant was represented by retained counsel, Joseph Santaguida, Esq. (and Santaguida's associate or partner, Brendan McGuigan, Esq.). (**See** docket; **see also** N.T Hearing, Volume 2, 5/21/09, at 3-5). The court relieved Attorney Santaguida from further representation on October 9, 2009. On October 16, 2009, the court appointed the Defender Association to represent Appellant. The Defender Association petitioned to withdraw from representation on October 21, 2011. The court granted the Defender Association's petition to withdraw on November 9, 2011. David S. Rudenstein, Esq. appears to have entered his appearance to represent Appellant on November 10, 2011. Although there is no order in the record, a docket entry indicates that the court confirmed his appointment, on December 1, 2011. Even though the
*(Footnote Continued Next Page)*

withdraw guilty plea. On appeal, this motion to withdraw his guilty plea is the post-sentence motion he claims should have been treated as a PCRA petition. (*See* Appellant's Brief, at 4-5).

Additionally, Appellant's post-plea counsel (the Defender Association) filed a "Post Sentence Motion *Nunc Pro Tunc*," on March 16, 2010, and a "Supplemental Post Sentence Motion *Nunc Pro Tunc*," on March 23, 2010. Counsel did not request leave of court to file either purported *nunc pro tunc* motion. As the PCRA court notes, sitting as the trial court, it denied both of the motions on April 7, 2010. The Defender filed a notice of appeal for Appellant and a statement of errors. As already noted, this Court quashed the appeal, as untimely. (*See Dozier*, *supra* at \*6-8).

Docket entries confirm that after the Defender Association filed a petition for allowance of appeal, our Supreme Court remanded for the appointment of new counsel and to permit the Defender Association counsel

*(Footnote Continued)* ————————————

docket entry notes that Attorney Rudenstein was appointed to "handle further [a]ppellate matters," correspondence in the record presented by Appellant suggests that Mr. Rudenstein told Appellant he was appointed for a limited purpose only, no longer represented Appellant, and advised Appellant to file a *pro se* PCRA petition to protect his right to PCRA relief. Appellant's *pro se* PCRA petition followed. Peter A. Levin, Esq. entered his appearance on behalf of Appellant on March 4, 2013. As previously noted, Attorney Levin did not file an amended petition; instead he filed a "no merit" letter on February 1, 2015. The court denied Appellant's *pro se* PCRA petition and permitted Attorney Levin to withdraw in the same order. (*See* Order, 3/13/15).

to file a motion to withdraw. The trial court granted permission to withdraw on November 9, 2011.

After our Supreme Court denied allowance of appeal, Appellant filed the instant PCRA petition, *pro se*. While the record is not clear when Attorney Rudenstein was permitted to withdraw, the PCRA court accepted Appellant's *pro se* PCRA petition filed on June 14, 2012.[6]

After the PCRA court's dismissal of the PCRA petition on March 13, 2015, Appellant filed a *pro se* notice of appeal, on April 8, 2015. (**See** Notice of Appeal, dated April 4, 2015, and docketed April 8, 2015). On the same day (April 8), the court ordered a statement of errors, on penalty of waiver. (**See** Order, 4/08/15); **see also** Pa.R.A.P. 1925(b). There is no statement of errors in the certified record, and no corresponding docket entry. However, the PCRA court references the statement of errors in its Rule 1925(a) opinion. (**See, e.g.**, PCRA Court Opinion, 5/12/15, at 2).[7]

---

[6] The record confirms that Appellant apparently relied on correspondence from Attorney Rudenstein purportedly disclaiming any continuing representation, and advising Appellant to file a *pro se* PCRA petition to protect his appeal rights. (**See** Appellant's Letter to Peter A. Levin, Esq., 8/09/13, Exhibit D, Letter from David Rudenstein, Esq. to Appellant ["aka Roger Boyd"], 5/25/12). We give Appellant the benefit of the doubt and treat his instant *pro se* PCRA petition as validly filed.

[7] We also observe that the issues mentioned by the PCRA court are substantially the same as the issues Appellant raised on appeal.

And the PCRA court has helpfully provided us with a copy of Appellant's statement.[8]

On appeal, Appellant presents two questions for our review:

I. Whether the PCRA [court] erred as a matter of law and constitution in dismissing [Appellant's] PCRA petition as [untimely], where his initially filed post-sentence motion on March 16, 2010, according to Pennsylvania law should have been treated as a PCRA petition, if it was untimely filed since issues relating to an illegal sentence are cognizable under the PCRA?

II. Whether [Appellant's] sentence imposed [on] March 5, 2010, is illegal because the trial court lack[ed] jurisdiction to impose a sentence after the thirty (30) day appeal period, in violation of [Appellant's] due process, equal protection and cruel and unusual punishment under both the Pennsylvania and United States [C]onstitution and the due process clauses and under 42 Pa.C.S.A. [§] 5505?

(Appellant's Brief, at 4) (some capitalization omitted).[9]

Our standard and scope of review for the denial of a PCRA petition is well-settled.

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the

_____

[8] Appellant sent his statement to the Office of Judicial Records, which apparently forwarded it to the PCRA court's judicial chambers. Thus, Appellant appears to have made a good-faith effort to comply with the PCRA court's order. Accordingly, even though the statement is not in the certified record, we will give Appellant the benefit of the doubt and decline to dispose of his claims on the basis of waiver for non-compliance with Pa.R.A.P. 1925(b).

[9] The Commonwealth did not file a brief in this appeal.

- 7 -

> evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citations and internal quotation marks omitted).

Initially, we must determine whether Appellant's petition is untimely.

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. **Commonwealth v. Stokes**, 598 Pa. 574, 959 A.2d 306, 309 (2008). The question of whether a petition is timely raises a question of law. **See Commonwealth v. Fahy**, 598 Pa. 584, 959 A.2d 312, 316 (2008). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. **Commonwealth v. Colavita**, 606 Pa. 1, 993 A.2d 874, 886 (2010). An untimely petition renders this Court without jurisdiction to afford relief. **Commonwealth v. Gandy**, 38 A.3d 899 (Pa. Super. 2012).

**Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

Furthermore,

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). Statutory time restrictions are mandatory and jurisdictional in nature, and may not be altered or disregarded to reach the merits of the claims raised in the petition. **Commonwealth v. Murray**, 562 Pa. 1, 4, 753 A.2d 201, 203 (2000) (holding court lacks jurisdiction to hear merits of PCRA claim where petition is filed in untimely manner and no exception to timeliness requirements is properly alleged and proved; timeliness requirements do not depend on nature of violations alleged). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). **See Commonwealth v. Bretz**, 830 A.2d 1273 (Pa. Super. 2003); **Commonwealth v. Vega**, 754 A.2d 714 (Pa. Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); **Pollard**, *supra*.

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception. *Id. See also Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258 (1999) (stating petitioner's burden is to plead and prove exception applies when PCRA is untimely). The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be asserted within sixty (60) days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA is not filed within one year of the expiration of direct review, or not eligible for one of the exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

*Commonwealth v. Taylor*, 933 A.2d 1035, 1038-39 (Pa. Super. 2007),

*appeal denied*, 951 A.2d 1163 (Pa. 2008).

- 9 -

Preliminarily, we note that at the time Appellant filed his purported post-sentence motion he was still represented by counsel, as confirmed by the docket entries and is obvious by counsel's filing of post-sentence motions several days later.

It is well-settled that "there is no constitutional right to hybrid representation either at trial or on appeal." **Commonwealth v. Jette**, 23 A.3d 1032, 1038 (Pa. 2011) (quoting **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993)). Our Supreme Court explained, in part, that adding *pro se* briefs to counseled briefs "would overwhelm an already overburdened court." **Ellis**, **supra** at 1140.[10] Because Appellant was still represented by counsel at the time he filed his *pro se* post-sentence motion, under **Jette** and **Ellis**, that *pro se* filing was (and remains) a legal nullity.

Additionally, this Court has already ruled that Appellant's direct appeal was untimely. (**See Dozier**, **supra** at *6-8). Thus, our legal review of the timeliness of Appellant's filings is subject to the law of the case and the coordinate jurisdiction rule.

---

[10] The **Ellis** Court also observed:

> Tails should not wag dogs. Merely because an appellant believes that the irrelevant is relevant is no reason to turn the system on its head and solemnly contemplate the wisdom of a person who does not have the sense to be guided by experts in an area where he himself possesses no expertise.

**Ellis**, **supra** at 1140.

> [T]his Court has long recognized that judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions. This rule, known as the "coordinate jurisdiction rule," is a rule of sound jurisprudence based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency.

***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995) (citations omitted).

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. . . . The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy . . . but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

***Commonwealth v. McCandless***, 880 A.2d 1262, 1267 (Pa. Super. 2005), (quoting ***Starr, supra*** at 1331), *appeal dismissed as improvidently granted,* 933 A.2d 650 (Pa. 2007).

Here, consistent with our application of the law of the case, and the coordinate jurisdiction rule, we find that Appellant's judgment of sentence, imposed on March 5, 2010, became final on Monday, April 5, 2010.[11] Accordingly, Appellant had until April 5, 2011 to file a timely PCRA petition.

---

[11] April 4, 2010 fell on a Sunday. ***See*** 1 Pa.C.S.A. § 1908.

Therefore, his *pro se* petition, filed on June 14, 2012, over fourteen months later, is untimely on its face.

Appellant mistakenly assumes that claims alleging illegality of sentence can never be waived, even on collateral review. (**See** Appellant's Brief, at 10). "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (citation omitted).

Appellant raises no other cognizable exceptions to the time-bar. (**See** Appellant's Brief, at 4-22).[12] Appellant's petition is untimely, with none of the statutory exceptions to the time-bar pleaded or proven.

Because Appellant's claim of an earlier PCRA petition is frivolous, and his current PCRA petition is untimely, we lack jurisdiction to review his other claims.[13]

Order affirmed.

_____

[12] On independent review, we find none.

[13] We also note, for completeness, that in his actual (current) PCRA petition, Appellant conceded that he did not file a previous PCRA petition, as he now contends on appeal. (**See** PCRA Petition, 6/14/12, at 4 ¶ 7 (b) (stating no previous post-conviction petitions filed)). Accordingly, Appellant's argument that his *pro se* post-sentence motion constituted a timely PCRA petition is legally frivolous. Furthermore, because Appellant did not raise this issue with the PCRA court, his claim is waived on appeal. **See** Pa.R.A.P. 302(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016